JHK:DMB/JPL/BWB
F.#2010R00057

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

ADIS MEDUNJANIN,
    also known as "Muhammad,"
ABID NASEER,
ADNAN EL SHUKRIJUMAH,
    also known as "Hamad,"
TARIQ UR REHMAN and
FNU LNU,
    also known as "Ahmad" and
    "Zahid,"

          Defendants.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>10-019 (S-3)(RJD)</u>
(T. 18, U.S.C.,
§§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(B)(ii), 924(o),
956(a)(1), 956(a)(2),
2332a(a)(2),
2332b(a)(1)(A),
2332b(a)(2),
2332b(b)(1)(A),
2332b(b)(1)(B),
2332b(c)(1)(A),
2332b(c)(1)(C),
2332b(c)(1)(D),
2332b(c)(1)(F),
2332b(c)(2), 2339B(a)(1),
2339B(d)(1)(A),
2339B(d)(1)(C),
2339B(d)(1)(D),
2339B(d)(1)(E),
2339B(d)(1)(F), 2339D(a),
2339D(b)(1), 2339D(b)(3),
2339D(b)(5), 2339D(b)(6), 2
and 3551 <u>et</u> <u>seq</u>.)

- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy To Use Weapons Of Mass Destruction)

    1.  In or about and between September 2008 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ADIS MEDUNJANIN, also known as "Muhammad," ADNAN EL SHUKRIJUMAH, also known as "Hamad," and FNU LNU, also known as "Ahmad" and "Zahid," together with others, including Najibullah

Zazi, Zarein Ahmedzay, Rashid Rauf, also known as "Ibrahim," and FNU LNU, also known as "Abdul Hafeez," "Abdul Hafidh" and "Saleh al-Somali," did knowingly and intentionally and without lawful authority conspire to use one or more weapons of mass destruction, to wit: explosive bombs and other similar explosive devices, against persons and property within the United States, and: (1) facilities of interstate and foreign commerce, to wit: e-mail and the internet, were used in furtherance of the offense, (2) one or more perpetrators, to wit: the defendant ADIS MEDUNJANIN and others, including Najibullah Zazi and Zarein Ahmedzay, traveled in interstate and foreign commerce, and (3) the offense and the results of the offense would have affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2332a(a)(2) and 3551 et seq.)

## COUNT TWO
(Conspiracy To Commit Murder In A Foreign Country)

2. In or about and between January 2008 and September 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere within the jurisdiction of the United States, the defendant ADIS MEDUNJANIN, also known as "Muhammad," together with others, did knowingly and intentionally conspire to commit one or more acts outside of the United States that would constitute the offenses of murder and maiming if committed in the special maritime and territorial jurisdiction of the United States, and one or more of the

3

conspirators did commit an act within the jurisdiction of the United States to effect an object of the conspiracy.

3. In furtherance of the conspiracy and to effect its objectives, the defendant ADIS MEDUNJANIN, together with others, knowingly committed and caused to be committed, among others, the following:

OVERT ACT

a. On or about August 28, 2008, the defendant ADIS MEDUNJANIN, together with others, to wit: Najibullah Zazi and Zarein Ahmedzay, boarded a flight at Newark Liberty International Airport to fly from Newark, New Jersey to Doha, Qatar and Peshawar, Pakistan.

(Title 18, United States Code, Sections 956(a)(1), 956(a)(2) and 3551 et seq.)

COUNT THREE
(Providing Material Support
To A Foreign Terrorist Organization)

4. In or about and between September 2008 and January 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, including the extraterritorial jurisdiction of the United States, the defendants ███████████████████████ ADIS MEDUNJANIN, also known as "Muhammad," ABID NASEER, ADNAN EL SHUKRIJUMAH, also known as "Hamad," TARIQ UR REHMAN and FNU LNU, also known as "Ahmad" and "Zahid," together with others, including Najibullah Zazi, Zarein Ahmedzay, Rashid Rauf, also known as "Ibrahim," and

4

FNU LNU, also known as "Abdul Hafeez," "Abdul Hafidh" and "Saleh al-Somali," did knowingly and intentionally provide material support and resources, as defined in 18 U.S.C. § 2339A(b), including currency, lodging, training, safehouses, communications equipment, personnel, and transportation to a foreign terrorist organization, to wit: al-Qaeda, which has been designated by the Secretary of State as a foreign terrorist organization since 1999, pursuant to Section 219 of the Immigration and Nationality Act.

(Title 18, United States Code, Sections 2339B(a)(1), 2339B(d)(1)(A), 2339B(d)(1)(C), 2339B(d)(1)(D), 2339B(d)(1)(E), 2339B(d)(1)(F), 2 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Provide Material Support
To A Foreign Terrorist Organization)

5. In or about and between September 2008 and January 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, including the extraterritorial jurisdiction of the United States, the defendants ███████████████████ ADIS MEDUNJANIN, also known as "Muhammad," ABID NASEER, ADNAN EL SHUKRIJUMAH, also known as "Hamad," TARIQ UR REHMAN and FNU LNU, also known as "Ahmad" and "Zahid," together with others, including Najibullah Zazi, Zarein Ahmedzay, Rashid Rauf, also known as "Ibrahim," and FNU LNU, also known as "Abdul Hafeez," "Abdul Hafidh" and "Saleh al-Somali," did knowingly and intentionally conspire to provide

material support and resources, as defined in 18 U.S.C. § 2339A(b), including currency, lodging, training, safehouses, communications equipment, personnel, and transportation to a foreign terrorist organization, to wit: al-Qaeda, which has been designated by the Secretary of State as a foreign terrorist organization since 1999, pursuant to Section 219 of the Immigration and Nationality Act.

(Title 18, United States Code, Sections 2339B(a)(1), 2339B(d)(1)(A), 2339B(d)(1)(C), 2339B(d)(1)(D), 2339B(d)(1)(E), 2339B(d)(1)(F) and 3551 et seq.)

COUNT FIVE
(Receiving Military-Type Training From
A Foreign Terrorist Organization)

6. In or about and between August 2008 and October 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ADIS MEDUNJANIN, also known as "Muhammad," together with others, did knowingly and intentionally receive military-type training, as defined in 18 U.S.C. § 2339D(c)(1), from and on behalf of a foreign terrorist organization, to wit: al-Qaeda, which has been designated by the Secretary of State as a foreign terrorist organization since October 1999, pursuant to Section 219(a)(1) of the Immigration and Nationality Act.

(Title 18, United States Code, Sections 2339D(a), 2339D(b)(1), 2339D(b)(3), 2339D(b)(5), 2 and 3551 et seq.)

6

## COUNT SIX
(Receiving Military-Type Training From
A Foreign Terrorist Organization)

7. In or about and between August 2008 and October 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ███████████████████████ ADNAN EL SHUKRIJUMAH, also known as "Hamad," and FNU LNU, also known as "Ahmad" and "Zahid," together with others, did knowingly and intentionally aid and abet others, including ADIS MEDUNJANIN, also known as "Muhammad," Najibullah Zazi, and Zarein Ahmedzay, in receiving military-type training, as defined in 18 U.S.C. § 2339D(c)(1), from and on behalf of a foreign terrorist organization, to wit: al-Qaeda, which has been designated by the Secretary of State as a foreign terrorist organization since October 1999, pursuant to Section 219(a)(1) of the Immigration and Nationality Act.

(Title 18, United States Code, Sections 2339D(a), 2339D(b)(3), 2339D(b)(5), 2339D(b)(6), 2 and 3551 et seq.)

## COUNT SEVEN
(Conspiracy to Commit an Act of
Terrorism Transcending National Boundaries)

8. In or about and between September 2008 and January 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere and involving conduct transcending national boundaries, the defendants ADIS MEDUNJANIN, also known as "Muhammad," ADNAN EL SHUKRIJUMAH, also known as

7

"Hamad," and FNU LNU, also known as "Ahmad" and "Zahid," together with others, including Najibullah Zazi, Zarein Ahmedzay, Rashid Rauf, also known as "Ibrahim," and FNU LNU, also known as "Abdul Hafeez," "Abdul Hafidh" and "Saleh al-Somali," did knowingly and intentionally conspire to kill, maim and assault one or more persons within the United States, in violation of Sections 120.10(1) and 125.25(1) of the New York State Penal Law, and (1) facilities of interstate and foreign commerce, to wit: e-mail, the internet and a cellular telephone, were used in furtherance of the offense, and (2) the offense would have affected interstate and foreign commerce if consummated.

    9.  In furtherance of the conspiracy and to effect the objectives thereof, the defendants ADIS MEDUNJANIN, ADNAN EL SHUKRIJUMAH, also known as "Hamad," and FNU LNU, also known as "Ahmad" and "Zahid," together with others, knowingly committed and caused to be committed, among others, the following:

### OVERT ACTS

    a.  In or about September 2008, the defendant FNU LNU, also known as "Ahmad" and "Zahid," transported the defendant ADIS MEDUNJANIN, Najibullah Zazi, and Zarein Ahmedzay to Waziristan so that they could receive military training from al-Qaeda;

    b.  In or about and between September 2008 and December 2008, the defendant ADNAN EL SHUKRIJUMAH, together with others, including FNU LNU, also known as "Abdul Hafeez," "Abdul

Hafidh" and "Saleh al-Somali," recruited and directed the defendant ADIS MEDUNJANIN, Najibullah Zazi, and Zarein Ahmedzay to conduct a terrorist attack in the United States;

  c. On or about September 25, 2008, the defendant ADIS MEDUNJANIN boarded a flight in Peshawar, Pakistan, with an ultimate destination of Newark Liberty International Airport in Newark, New Jersey;

  d. In or about November 2008, the defendant FNU LNU, also known as "Ahmad" and "Zahid," transported Najibullah Zazi to Waziristan so that he could receive explosives training from al-Qaeda;

  e. On or about January 15, 2009, Najibullah Zazi boarded a flight in Peshawar, Pakistan, with an ultimate destination of Newark Liberty International Airport in Newark, New Jersey;

  f. On or about January 22, 2009, Zarein Ahmedzay boarded a flight in Peshawar, Pakistan, with an ultimate destination of Newark Liberty International Airport in Newark, New Jersey;

  g. On or about January 7, 2010, the defendant ADIS MEDUNJANIN telephoned 911 from a cellular telephone and stated to the operator: "We love death"; and

  h. On or about January 7, 2010, the defendant ADIS MEDUNJANIN intentionally crashed his automobile on the

Whitestone Expressway in Queens, New York, with the intent of killing himself and one or more additional drivers.

(Title 18, United States Code, Sections 2332b(a)(1)(A), 2332b(a)(2), 2332b(b)(1)(A), 2332b(b)(1)(B), 2332b(c)(1)(A), 2332b(c)(1)(C), 2332b(c)(1)(D), 2332b(c)(1)(F), 2332b(c)(2) and 3551 et seq.)

## COUNT EIGHT
(Attempt to Commit an Act of
Terrorism Transcending National Boundaries)

10. In or about and between September 2008 and January 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere and involving conduct transcending national boundaries, the defendants ADIS MEDUNJANIN, also known as "Muhammad," ADNAN EL SHUKRIJUMAH, also known as "Hamad," and FNU LNU, also known as "Ahmad" and "Zahid," together with others, did knowingly and intentionally attempt to kill, maim and assault one or more persons within the United States, in violation of Sections 120.10(1) and 125.25(1) of the New York State Penal Law, and (1) facilities of interstate and foreign commerce, to wit: e-mail, the internet and a cellular telephone, were used in furtherance of the offense, and (2) the offense would have affected interstate and foreign commerce if consummated.

11. In furtherance of the attempt and to effect the objectives thereof, the defendants ADIS MEDUNJANIN, ADNAN SHUKRIJUMAH, also known as "Hamad," and FNU LNU, also known as

"Ahmad" and "Zahid," together with others, knowingly committed and caused to be committed, among others, the overt acts listed in paragraph 9(a) through (h).

(Title 18, United States Code, Sections 2332b(a)(1)(A), 2332b(a)(2), 2332b(b)(1)(A), 2332b(b)(1)(B), 2332b(c)(1)(A), 2332b(c)(1)(C), 2332b(c)(1)(D), 2332b(c)(1)(F), 2332b(c)(2), 2 and 3551 et seq.)

COUNT NINE
(Use of Destructive Device)

12. In or about and between August 2008 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███ ████████████████████ ADIS MEDUNJANIN, also known as "Muhammad," ADNAN EL SHUKRIJUMAH, also known as "Hamad," and FNU LNU, also known as "Ahmad" and "Zahid," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Three, Four, Five, Six, Seven, and Eight, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was discharged, and one or more of which firearms was a destructive device.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

## COUNT TEN
(Conspiracy to Use a Destructive Device)

13. In or about and between September 2008 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABID NASEER, TARIQ UR REHMAN and FNU LNU, also known as "Ahmad" and "Zahid," together with others, did knowingly and intentionally conspire to use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Three and Four, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which firearm was a destructive device.

(Title 18, United States Code, Sections 924(c)(1)(B)(ii), 924(o) and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK