

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

DMB:JPL  *271 Cadman Plaza East*
F.#2010R00057  *Brooklyn, New York 11201*

March 2, 2011

By Hand Delivery

The Honorable Raymond J. Dearie
Chief United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Adis Medunjanin
        Criminal Docket No. 10-019 (S-3)(RJD)

Dear Chief Judge Dearie:

    A suppression hearing in the above-referenced case is scheduled for March 8 and 9, 2011. The government hereby respectfully moves, pursuant to Section 6(a) of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), for a hearing in advance of that hearing so that the Court may make any necessary determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made. In addition, the government moves to close the courtroom prior to any discussion of classified matters, and seal the transcript of the closed portion of the proceeding. A supporting affidavit of Assistant Attorney General David S. Kris is enclosed herein as Exhibit A. The government further respectfully requests that a public hearing on the motion to close the courtroom be scheduled for immediately prior to the conference. Finally, the government respectfully requests that, after holding a public hearing, the Court enter the enclosed proposed order regarding courtroom closure and sealing, attached hereto as Exhibit B.

I.   Background

    On December 6, 2010, the defendant filed a motion to suppress statements he made to law enforcement after his arrest. A hearing on the motion is currently scheduled for March 8 and 9,

2011.[1]  At the suppression hearing, the government anticipates that it will present the testimony of one or more law enforcement witnesses who have knowledge of classified information that might be the subject of cross-examination or rebuttal testimony.  The government therefore respectfully requests that the Court schedule a hearing prior to taking such testimony so that the Court may make any necessary determinations concerning the use, relevance, or admissibility of that classified information, see CIPA § 6(a), or rulings on government objections to particular lines of inquiry by the defendant, see CIPA § 8(c).

Because the information at issue is classified, it would be impossible to engage in a discussion of that information without making reference to classified information.  The government therefore seeks to close that portion of the hearing that necessitates a discussion of classified information, and to reopen the hearing thereafter.

II.  Analysis

Pursuant to CIPA Section 6(a):

[T]he United States may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding.  Upon such a request, the court shall conduct such a hearing.  Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information.

18 U.S.C. App. 3, § 6(a).  In addition, pursuant to CIPA Section 8(c):

During the examination of a witness in any criminal proceeding, the United States may object to any question or line of inquiry that may require the witness to disclose classified information not previously found

---

[1]   The government will also present the testimony of one witness on March 7, 2011.  This motion has no relevance to that prospective testimony.

>       to be admissible. Following such an
>       objection, the court shall take such suitable
>       action to determine whether the response is
>       admissible as will safeguard against the
>       compromise of any classified information.
>       Such action may include requiring the United
>       States to provide the court with a proffer of
>       the witness' response to the question or line
>       of inquiry and requiring the defendant to
>       provide the court with a proffer of the
>       nature of the information he seeks to elicit.

Id. § 8(c).

The government has requested this hearing to seek the Court's determinations concerning the defendant's potential use, and the potential relevance and admissibility of, classified information at a pretrial proceeding regarding the defendant's motion to suppress his post-arrest statements. The Assistant Attorney General for National Security, designated to act for the Attorney General of the United States pursuant to CIPA Section 14, has certified that a public hearing might result in the disclosure of classified information. See Exhibit A. Pursuant to CIPA Section 6(a), therefore, the hearing "shall" be held in camera rather than open to the public.

Closing the courtroom for the limited time required to discuss classified information, and sealing the transcript of that portion of the proceedings, is consistent with the Second Circuit's cases governing courtroom closure. See, e.g., United States v. Alcantara, 396 F.3d 189, 192 (2d Cir. 2005). Specifically, the Second Circuit has identified "four steps that a district court must follow in deciding a motion for closure." United States v. John Doe, 63 F.3d 121, 128 (2d Cir. 1995). First, the district court must identify, through specific findings, whether there exists "a substantial probability of prejudice to a compelling interest of the defendant, government or third party." Id. With specific reference to classified information, the Supreme Court and Second Circuit have both recognized the compelling government interest in preventing the disclosure of classified information. Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) ("The Government has a compelling interest in protecting . . . the secrecy of information important to our national security . . . ."); United States v. Aref, 533 F.3d 72, 78-83 (2d Cir. 2008). Moreover, Congress made the same judgment when it provided for in camera hearings in CIPA Section 6 itself.

Second, where a substantial probability of prejudice is

4

found, the district court must consider whether reasonable alternatives to closure can protect the compelling interest. Doe, 63 F.3d at 128. Third, the district court must decide whether the prejudice to the compelling interest overrides the qualified First Amendment right of access. Id. Finally, if the determination is made that closure is warranted, the Court must devise a closure order that is narrowly tailored to protect the compelling interest. Id. It should be noted that the law does not require that closure be "the least restrictive means available to protect the endangered interest." Id. (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984)).

Here, as is evident from the information set forth above, a public proceeding would inevitably result in the substantial probability of prejudice to the compelling government interest in preventing the unauthorized disclosure of classified information. There is also no reasonable alternative to closure of the courtroom that would adequately protect the compelling interests of the government: the government, the defense, and the Court must be able to address the matters outlined above prior to resolution of the defendant's suppression motion. The government submits that the prejudice to compelling interests far outweighs the qualified First Amendment right of the public and the media to access the limited part of the proceedings at issue here. Aref, 533 F.3d at 81-83. Moreover, by reopening the courtroom once the discussion of classified information is complete, and by requiring the parties to move to unseal the transcript if or when the relevant materials are ever declassified, the Court can narrowly tailor the closure.

Accordingly, the government respectfully requests that, after holding a public hearing on closure, the Court enter the proposed order, which contains findings reflecting (a) the substantial probability that a public proceeding would prejudice the compelling interest in preventing the disclosure of classified information; (b) the lack of reasonable alternatives to courtroom closure; and (c) that the prejudice to the compelling interest overrides the qualified right of the public and the media to access the proceedings.

III. Conclusion

The government respectfully requests that the Court hold a public hearing on the motion to close the courtroom for that portion of the hearing addressing classified information, and that, after the public hearing, the Court enter the enclosed proposed order regarding courtroom closure and sealing.

Counsel for the defendant, Robert Gottlieb, Esq., has no objection to this application.

                                Respectfully submitted,

                                LORETTA E. LYNCH
                                United States Attorney

By:       /s/_____
     David M. Bitkower
     James P. Loonam
     Berit W. Berger
     Assistant U.S. Attorneys
     (718) 254-7000

Encl.

cc: Clerk of the Court (RJD) (w/o enclosures)
    Robert Gottlieb, Esq.