```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                          :

        -against-                                  :

[REDACTED],                                        :        Cr. 10-019 (S3)(RJD)
ADIS MEDUNJANIN,
        also known as "Muhammad,"                  :        **AFFIDAVIT**
ABID NASEER,
ADNAN EL SHUKRIJUMAH,                              :
        also known as "Hamad,"
TARIQ UR REHMAN and                                :
FNU LNU,
        also known as "Ahman" and                  :
        "Zahid,"
                                                   :
                        Defendants.
------------------------------------------------------------x
STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )
```

ROBERT C. GOTTLIEB, being duly sworn, states the following under penalty of perjury:

1. I am an attorney duly admitted to the practice of law in the State of New York and the United States District Court for the Eastern District of New York.

2. I am co-counsel for Adis Medunjanin, one of the defendants in the above-captioned case.

3. I submit this supplemental affidavit in further support of Mr. Medunjanin's Motion to Suppress Statements he purportedly made to members of law enforcement, following his arrest on January 7, 2010.

4. On September 25, 2009, Adis Medunjanin retained me to represent him with respect to a pending FBI terrorism investigation related to Mr. Medunjanin's purported association with Najibullah Zazi and Zarein Ahmedzay.

5. The formal retainer agreement was signed on September 28, 2009, and an initial retainer of $7,500 was paid.

6. That same day, I called FBI Special Agent Robert Kissane, who had provided his business card to Mr. Medunjanin when he and other agents had conducted a search of the Medunjanin home on September 14, 2009.

7. I left a voice message for Agent Kissane, advising him that I represented Adis Medunjanin and that I did not want members of law enforcement speaking with him from that date forward.

8. I then called FBI Special Agent Farbod Azad, who had provided his name and telephone number to Mr. Medunjanin during the September 14, 2009 search. I later called Assistant United States Attorney Jeffrey Knox. I told both Agent Azad and Mr. Knox that I was aware that federal law enforcement officials were conducting an investigation of Mr. Medunjanin and that I was now representing Mr. Medunjanin in connection with that investigation.

9. In my conversation with Mr. Knox I advised him that I did not want him or any government agents to speak to my client. Mr. Knox said he understood that, and he agreed not to speak to Mr. Medunjanin.

10. Mr. Knox informed me that Mr. Medunjanin was not the primary target of the investigation. Mr. Knox told me that the government would like Mr.

Medunjanin to cooperate and that they would like an opportunity to speak to him in the future.

11. I responded that if our position changed with regard to speaking with the government, I would immediately contact Mr. Knox. He indicated that he understood, and I told him I would remain in communication with him.

12. On January 7, 2010, I learned that my client, Mr. Medunjanin, had been taken into custody by law enforcement.

13. Throughout the evening of January 7 and during the day on January 8, 2010, I made many telephone calls to members of law enforcement and to Assistant United States Attorney Jeffrey Knox in an attempt to locate Mr. Medunjanin. These efforts are outlined more fully in the December 6, 2010, affidavit I filed in support of Mr. Medunjanin's Motion to Suppress.

14. On January 8, 2010, Mr. Knox informed me that Mr. Medunjanin purportedly no longer wanted me to represent him. I told Mr. Knox that I had been Mr. Medunjanin's attorney since September 25, 2009, and I remained his counsel. These conversations are outlined more fully in the December 6, 2010, affidavit I filed in support of Mr. Medunjanin's Motion to Suppress.

15. On the evening of January 8, 2010, I received a telephone call from Mr. Knox. He told me he would like to read a list of names of attorneys on the Criminal Justice Act Panel ("CJA"), who might be available to represent my client.

16. I told Mr. Knox that I represented Mr. Medunjanin and saw no need to discuss the appointment of alternate counsel.

17. The following morning, Mr. Medunjanin was arraigned on the pending indictment. I represented Mr. Medunjanin at the arraignment and have continued to represent him since.

*[signature]*
Robert C. Gottlieb

Sworn to before me this
10th day of April, 2011

*[signature]*
Notary Public

STEPHANIE M. CARVLIN
Notary Public State of New York
No. 02CA6105168
Qualified in New York County
Commission Expires February 2, 20 12

4