LAW OFFICES OF
# ROBERT C. GOTTLIEB

TRINITY BUILDING
111 BROADWAY - SUITE 701
NEW YORK, N.Y. 10006
TELEPHONE: (212) 566-7766
FAX: (212) 374-1506

ROBERT C. GOTTLIEB
CELIA A. GORDON

JUSTIN F. HEINRICH

— www.robertgottlieblaw.com —
e-mail: rgottlieb@robertgottlieblaw.com

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *United States v. Adis Medunjanin*
              10-CR-00019 (RJD)

Dear Judge Dearie:

    After conferring with the government, we write to inform the Court of the issues that the defense wishes to raise at the January 25, 2012 conference. First, since our last appearance before the Court, the government has filed a superseding indictment. Mr. Medunjanin needs to be arraigned on the new charging document. Additionally, there are scheduling issues that we would like to resolve with the Court related to the selection of the jury. The government today filed a motion requesting an anonymous jury and asking that the jury be partially sequestered. The defense needs time to file an opposition to this motion. We also seek clarification on how the Court intends to proceed with jury selection (development and use of a questionnaire, the procedure for the parties' screening the questionnaires and presenting challenges, the related deadlines).

    The defense also has concerns related to three areas: the disclosure of Rule 16 material, the timing of the provision of Jencks Act materials and the resolution of the defense's request for a Bill of Particulars. Pursuant to the Court's directive, we have discussed these issues with the government and have largely resolved these questions. The government has agreed that any "relevant" statements in any form (written, recorded, video taped) made by Mr. Medunjanin will be turned over to the defense as soon as they cleared by the firewall team and screened for issues related to national security. The parties will confer in person prior to the conference to define the government's view of what statements do not fall within Rule 16's scope.

    Regarding Jencks Act disclosures, the defense anticipates that the §3500 material will be voluminous and, significantly, will include a large number of recorded conversations, many of which are not in English. In order to be useful to the defense, this material will have to be turned over well in advance of trial. It is

our understanding that the government has agreed to turn over on a "rolling basis" documents that need to be translated or transcribed. It would be helpful to the defense to have a specific deadline for disclosure of this material.

The government, while declining to file a Bill of Particulars, has named what destructive devices from the basis for the charges in Counts Nine and Eleven of the indictment, as requested. One issue remains: Count Two charges that Mr. Medunjanin and others conspired to commit murder in a foreign country. Overt Act 3(a) recites that Mr. Medunjanin and co-conspirators "attempted to recruit John Doe," an individual whose identity is known to the Grand Jury, to travel overseas with them to wage violent jihad." The government has yet to decide whether it will disclose who "John Doe" is. We need this information in order to adequately prepare Mr. Medunjanin's defense. This is an issue that we wish to raise with the Court.

Finally, we request a written decision from the Court on our suppression motions.

Sincerely,

Robert C. Gottlieb (rg-1930)

cc (via ECF): AUSA David Bitkower