

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMB:JPL/BWB  *271 Cadman Plaza East*
F.#2010R00057  *Brooklyn, New York  11201*

February 02, 2012

By Hand Delivery and ECF

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Adis Medunjanin
           Criminal Docket No. 10-019 (S-4)(RJD)

Dear Judge Dearie:

      Trial in the above-referenced case is scheduled for April 2, 2012.  Based on the discovery materials already provided to the defendant, the government's filings pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), and prior certifications by the Assistant Attorney General for National Security filed on December 16, 2010 and March 2, 2011, the government expects that the trial may result in in-court discussions of classified information.  The government therefore writes to propose a procedure that will permit any necessary mid-trial discussions, whether in a closed courtroom, in camera, or at a sidebar including only properly cleared personnel, with a minimum of disruption to the trial process.  The government's proposal is consistent with the Second Circuit's cases regarding courtroom closure, see United States v. Alcantara, 396 F.3d 189, 192 (2d Cir. 2005), as well as similar procedures adopted in other cases in this Circuit involving sensitive mid-trial proceedings, see, e.g., United States v. Aleynikov, 785 F. Supp. 2d 46, 79-81 (S.D.N.Y. 2011); In re Applications of the Daily News and New York Post, 787 F. Supp. 319, 326 (E.D.N.Y. 1992).

I.   Background

As the Court is aware from prior conferences and from the government's discovery filings, this case involves classified information, and counsel of record hold security clearances. The defendant, through cleared counsel, has been provided with classified discovery materials. In addition, the government has moved, pursuant to CIPA Section 4, for an order related to classified information. United States v. Abu-Jihaad, 630 F.3d 102, 140 (2d Cir. 2010).

The government does not intend to introduce any classified information at trial. The government expects, however, that in the course of trial the government or the defendant may seek a ruling from the Court which requires discussion of classified information. As only one example, the defendant may pose a question to a government witness that tends to call for classified information in response, but that could be rephrased in a way that elicits the desired information without calling for classified information in response. In such circumstances, the government will likely object to the question as posed, and request an in camera discussion or a sidebar involving only appropriately cleared personnel. See, e.g., CIPA Section 8(c).

The government proposes that the Court adopt the following procedures. Should either party seek to make a motion or raise an objection that would require the discussion of classified information, the party will advise the Court in as specific terms as possible of the relevant legal and factual issues, and proffer that classified information must be discussed to resolve those issues. Upon such a proffer, the Court will explicitly determine, on the record, whether it can fairly rule without discussing classified information, or whether the need to discuss classified information outweighs the public right of access to the proceeding. If there is a compelling need to discuss classified information, the Court can determine whether to clear the courtroom, proceed in camera, or proceed at sidebar, depending on the nature and length of the necessary discussion and any other relevant factors. After the discussion of classified information has been concluded, the Court may then order the relevant portion of the transcript sealed. Should the motion or objection be raised in the presence of the jury, rather than highlight a particular matter as sensitive, the party will instead request a sidebar pursuant to the Court's "pretrial ruling." At that sidebar, the party can raise the need to discuss classified information, and thereafter proceed in the same fashion. Finally, the Court may require that the transcript

Case 1:10-cr-00019-RJD   Document 166   Filed 02/02/12   Page 3 of 5 PageID #: 741

3

of the proceedings be unsealed if the classified information discussed therein is later declassified.

## II. Applicable Law

The Second Circuit has identified "four steps that a district court must follow in deciding a motion for closure." United States v. John Doe, 63 F.3d 121, 128 (2d Cir. 1995). First, the district court must identify, through specific findings, whether there exists "a substantial probability of prejudice to a compelling interest of the defendant, government or third party." Id. The Supreme Court and Second Circuit have both specifically recognized the compelling government interest in preventing the disclosure of classified information. Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) ("The Government has a compelling interest in protecting . . . the secrecy of information important to our national security . . . ."); United States v. Aref, 533 F.3d 72, 78-83 (2d Cir. 2008). Second, where a substantial probability of prejudice is found, the district court must consider whether reasonable alternatives to closure can protect the compelling interest. Doe, 63 F.3d at 128. Third, the district court must decide whether the prejudice to the compelling interest overrides the qualified First Amendment right of access. Id. Finally, if the determination is made that closure is warranted, the Court must devise a closure order that is narrowly tailored to protect the compelling interest. Id. It should be noted that the law does not require that closure be "the least restrictive means available to protect the endangered interest." Id. (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984)).

## III. Discussion

Limited exclusions of the public from bench conferences to permit mid-trial judicial rulings involving classified information are fully consistent with the public's qualified right of access to judicial proceedings. For example, in Aleynikov, Judge Cote permitted substantial portions of witness testimony to be held in a closed courtroom to preserve trade secrets of Goldman Sachs. See Aleynikov, 785 F. Supp. 2d at 80-81. Similarly, as Judge Glasser held in permitting sidebar discussions of sensitive information over press objection:

> In the case of sidebar colloquies and in camera conferences, it is clear that the right of access is not a right of contemporaneous presence. For example, one Supreme Court Justice has noted that when engaging in interchanges at the bench, the

> trial judge is not required to allow public
> or press intrusion into the huddle.

In re Applications of the Daily News and New York Post, 787 F. Supp. at 326 (internal quotation marks omitted). Indeed, it is a routine matter for courts to hold sidebars, necessarily out of the public's presence, when hearing argument while the jury is present. Basic principles of trial management preclude dismissing the jury to permit public argument with respect to every evidentiary ruling.

Where classified information is at issue, there is substantially greater reason to hold such discussions out of the public's hearing. Public discussion of classified information would obviously result in the substantial probability of prejudice to the compelling government interest in preventing the unauthorized disclosure of classified information. There is also no reasonable alternative to closure of the courtroom, or in camera proceedings, that would adequately protect the compelling interests of the government. Indeed, to ensure fair and accurate rulings from the Court, the parties and the Court must in appropriate cases be able to discuss the relevant information. Moreover, by reopening the courtroom once the discussion of classified information is complete, and by requiring the parties to move to unseal the transcript if or when the relevant materials are ever declassified, the Court can narrowly tailor the closure.

Thus, assuming the Court can identify, through "specific findings," that it must hear classified information to resolve a motion or objection, the Court may rule that the government's compelling information in preventing disclosure of that classified information to those not cleared to hear it requires hearing such argument in a closed courtroom, in camera, or at sidebar, and sealing the resulting transcript.

The government agrees that closure will not be necessary for every mid-trial motion or objection, and it will endeavor to work with defense counsel to avoid such issues arising in the first place. Moreover, should the defendant or public object to any particular closing, the Court may in appropriate cases take other measures, such as requiring the defendant to move on to a different cross-examination topic for the day in the event that overnight consultation between the parties might obviate an objection. Where such alternative measures are impracticable, however, as discussed above, the Court may properly hold the necessary argument in a closed courtroom, in camera, or at sidebar.

IV. <u>Conclusion</u>

      The government respectfully proposes the procedures set forth above for handling potential mid-trial discussions of classified information.

      Respectfully submitted,

      LORETTA E. LYNCH
      United States Attorney

By: _____/s/_____
    David Bitkower
    James P. Loonam
    Berit W. Berger
    Assistant U.S. Attorneys
    (718) 254-7000

cc: Clerk of the Court (RJD)
    Robert Gottlieb, Esq.