

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMB:JPL/BWB
F.#2010R00057

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 20, 2012

By Hand Delivery and ECF

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Adis Medunjanin
             Criminal Docket No. 10-019 (S-4)(RJD)

Dear Judge Dearie:

      The government writes in brief reply to the defendant's memorandum of law, filed February 8, 2012, opposing the government's motion for an anonymous jury.  The defendant principally objects that, although the charges are of the utmost seriousness, al-Qaeda is a dangerous organization, and the case is likely to generate significant publicity, the government has not sufficiently demonstrated a risk to the judicial process in this case.  The defendant also objects to the use of partial sequestration on the ground that it may suggest to the jurors that they are in danger.

      The defendant's response is without merit.  Initially, as set forth in the cases cited by the government, there is no requirement that the government establish that the defendant himself has already, or will likely, interfere with the judicial process.  Rather, the government need only demonstrate that "there is a strong reason to believe the jury needs protection." United States v. Stewart, 590 F.3d 93, 124 (2d Cir. 2009) (internal quotation marks omitted).  Even the case cited by the defendant holds that a "showing that trial evidence will depict a pattern of violence by the defendant[] and his associates such as would cause a juror to reasonably fear for his own safety" is "sufficient in and of itself in an appropriate case to warrant an anonymous jury." United States v. Vario, 943 F.2d 236, 241 (2d

2

Cir. 1991) (emphasis added).  Because the trial evidence will depict a years-long effort by al-Qaeda to attack civilian targets in the United States, and the defendant's and his co-conspirators' participation in that effort, even the defendant's own standard is met.

In any event, there is also overwhelming evidence that the judicial process may be at risk, as the history of this case is replete with instances of witness tampering and obstruction of justice.  Four individuals – Mohammed Wali Zazi, Naqib Jaji, Amanullah Zazi, and Ahmad Wais Afzali - have already been convicted of obstructing this investigation or lying to the investigating agents.  The jury will also learn that the defendant's co-conspirators Najibullah Zazi and Zarein Ahmedzay destroyed evidence of the charged crimes, including explosive materials and a computer hard drive, prior to their arrests.  The jury will also learn that, when fearing his own arrest and ultimate prosecution, the defendant attempted to kill himself and others on behalf of al-Qaeda.  This pattern of obstructive behavior is substantially more serious than the instance of witness tampering held sufficient to justify juror anonymity in Vario.  See id. at 239-40 (fact that defendant's co-conspirator had approached a grand juror "demonstrated the willingness of the conspirators to tamper with the judicial process").

Finally, the defendant's objection to partial sequestration is also meritless.  Initially, although juror anonymity implicates the defendant's rights, the defendant has not identified any right of a criminal defendant for his jurors to congregate freely with the public during the lunch break and travel between the courthouse and their homes entirely under their own steam.  Nor would partial sequestration undermine the presumption of innocence by suggesting any particular threat to the jurors apart from the need to preserve anonymity, and the government has proposed a neutral instruction to avoid any such prejudice.  Rather, partial sequestration is essential to preserve anonymity and the juror-protection values that anonymity

itself protects.  Should the Court impanel an anonymous jury, but require the jurors to travel between the courthouse and their homes every day for several weeks, that anonymity is virtually certain to be compromised, potentially necessitating juror replacement or even a mistrial.

                                  Respectfully submitted,

                                  LORETTA E. LYNCH
                                United States Attorney

                      By:  _____/s/_____
                                David Bitkower
                                James P. Loonam
                                Berit W. Berger
                                Assistant U.S. Attorneys
                                (718) 254-7000

cc:   Clerk of the Court (RJD)
      Robert Gottlieb, Esq.