UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA,

                **MEMORANDUM OF DECISION**
                **& PROTECTIVE ORDER**

   - against -

                10 CR 19 1 (RJD)

ADIS MEDUNJANIN,

    Defendant.
----------------------------------------------------x
DEARIE, District Judge.

  On January 31, 2011, the government filed a classified ex parte, in camera motion for a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, a memorandum in support, and accompanying exhibits (the "2011 Submission"). See ECF Docket # 87, Notice. On January 4, 2012, the government filed a second classified ex parte, in camera motion for a protective order pursuant to Section 4 of CIPA along with a memorandum in support (the "2012 Submission" and together with the 2011 Submission, the "Submissions"). The 2011 Submission seeks an order from the Court authorizing the substitution of two classified summaries and one unclassified summary for classified documents containing information that is arguably exculpatory or impeaching of one or more of the government's anticipated trial witnesses. In addition, the government seeks confirmation that it has no discovery obligation to produce to the defense certain other classified materials which have been thoroughly described to the Court. The 2012 Submission seeks an order from the Court authorizing the substitution of one unclassified summary for classified documents containing information that is arguably

discoverable under the Jencks Act, 18 U.S.C. § 3500. The government also seeks confirmation that it has no discovery obligation to produce to the defense certain other classified materials.

On August 11, 2011, the Court met ex parte with the government,[1] which produced for in camera inspection the classified materials it seeks to summarize in its 2011 Submission.[2]  On February 3, 2012, the Court again met ex parte with the government, which produced for in camera inspection the same classified materials previously produced that are the subject of the government's 2011 Submission, the additional classified materials it seeks to summarize in the 2012 Submission, and the additional classified documents it asks the Court for authorization to delete in its 2012 Submission. In addition, on February 17, 2012, the Court met ex parte with the government to examine in camera a random sampling of the classified material described to the court in its 2011 Submission, which it seeks authorization to delete from discovery.

---

[1] As the Second Circuit recently reaffirmed, disclosure of the Submissions or accompanying materials to the defense would defeat the government's goal in pursuing a protective order.  See United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010) ("[W]here the government moves to withhold classified information from the defense, 'an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" (quoting United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008)).  Indeed, "Section 4 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure both authorize ex parte proceedings."  Abu-Jihaad, at 143.  Furthermore, ordering the government to file a redacted Submission to be made available to the defense would serve no purpose because "deleting all references to non-discoverable classified information would make the government's submission incoherent and, thus, functionally useless to defense counsel."  United States v. Zazi, No. 10-CR-60 (JG), 2011 WL 2532903, at *2 n.4 (E.D.N.Y. June 24, 2011).

[2] The government's intertwined interests in protecting national security and preventing the unnecessary dissemination of classified information defeat the public's right of access to the government's Submissions and to the classified materials in question.  See Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service."); see also Press-Enters. Co. v. Sup. Ct., 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").  No less restrictive alternative to closure and sealing will protect the government's interest in preventing the unauthorized dissemination of this information.

After a review of all of the foregoing materials and consideration of the Submissions, the Court grants the government's requests in their entirety.[3]

## I. DISCUSSION

A. Substitute Summaries of Classified Source Materials[4]

The Court agrees with the government that the underlying classified documents it seeks to substitute with summaries under Section 4 of CIPA in both Submissions contain information that is potentially exculpatory of the defendant, impeaching of the government's anticipated trial witnesses, and/or related to the anticipated trial testimony of potential government witnesses. Hence, the information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and/or the Jencks Act, 18 U.S.C. § 3500. The Court also finds that the state-secrets privilege applies to the documents in question. See Aref, at 79-80. As explained within the classified declarations of the executive branch officials with control over the matter lodging the privilege, see 2011 Submission, Exs. 1-2; 2012 Submission at 6, disclosure of the classified documents in their original form could reasonably be expected to cause serious damage, and in some instances exceptionally grave damage, to national security. See Aref, at 80. The Court further finds, however, that the information contained within the classified documents may be "helpful or material to the defense, i.e., useful 'to counter the

---

[3] The government's Submissions shall, until further order of this Court, be kept under seal in a facility appropriate for the storage of classified information according to established security procedures. See CIPA § 4.

[4] The government filed a nearly identical application regarding its discovery obligations to produce the same classified material described in its 2011 Submission in Zazi, and the Honorable John Gleeson granted the motion. 2011 WL 2532903. This Court reaches its decision after its own thorough and independent examination of the underlying material the government seeks to substitute and consideration of the government's arguments as they pertain individually to defendant. Because the Zazi opinion exhaustively outlines the standards governing requests for protective orders pursuant to Section 4 of CIPA, both in general and in relation to the specific information at issue here, however, the Court abbreviates its discussion of those standards except where necessary. Furthermore, the Court's "discussion of the classified information is necessarily circumspect." Abu-Jihaad, 630 F.3d at 141.

government's case or to bolster a defense.'" Aref, 533 F.3d at 80 (quoting United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)).

"Under CIPA, once the district court determines that an item of classified information is relevant and material, that item must be [furnished to the defense] unless the government provides an adequate substitution." United States v. Moussaoui, 365 F.3d 292, 312 (4th Cir. 2004) (citing CIPA § 6(c)(1)). The government proposes to substitute four separate summaries in place of the classified documents in order to shield the "classified information"[5] from disclosure in its original form. CIPA § 4. Based on the Court's own inspection of the underlying classified documents, and careful comparison of those documents to the proposed summaries, the Court finds that the summaries are appropriate substitutions. See Abu-Jihaad, 630 F.3d at 140 (under Section 4 of CIPA, district court may decide whether summaries are proper substitutes for classified information).

The Court's review confirms that the government's summaries retain the potentially exculpatory, impeaching, or other value of the underlying documents. Indeed, they include verbatim portions of the originals. Accordingly, the "summar[ies] . . . provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information" they replace. CIPA § 6(c)(1)(B). Conversely, the information excised from the source documents is not itself "helpful or material to the defense." Aref, 533 F.3d at 80; see United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998) ("[I]f some portion or aspect of a document is classified, a defendant is entitled to receive it only if it may be helpful to his

---

[5] CIPA defines "classified information" as "information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." CIPA § 1(a). The material at issue here, designated either "Secret" or "Top Secret" by the government, meets this definition. See Zazi, 2011 WL 2532903, at *2 n.3 ("[A]s Section 1 of CIPA recognizes, classification is an executive decision, one that courts are ill-suited to second-guess.").

4

defense."). Here, defendant "could not use the withheld material 'to bolster his defense or to counter the government's case,' nor would the information aid counsel in 'formulat[ing] a more effective defense strategy.'" Zazi, 2011 WL 2532903, at *4 (quoting Stevens, 985 F.2d at 1180). Thus, substitution of the classified and unclassified summaries described in both the 2011 and 2012 Submissions "'does not impair the defendant's right to a fair trial,'" Abu-Jihaad, at 140 (quoting Aref, 533 F.3d at 78), and their disclosure satisfies the government's discovery obligations under Brady, Giglio, the Jencks Act, 18 U.S.C. § 3500, and Rule 16.

B. Deletion of Certain Classified Materials from Discovery

The government also requests that the court authorize it "to delete specified items" from discovery, CIPA § 4, which the government characterizes as non-discoverable. (See 2011 Submission at 48-49; 2012 Submission at 6-9.) In any routine criminal case, the government would make such determinations without court intervention and would simply refrain from disclosing material to which it believed the defense was not entitled. CIPA, however, empowers the courts to authorize the government "upon a sufficient showing . . . to delete specified items of classified information from documents to be made available to the defendant through discovery." CIPA § 4.

The Court has examined, in camera, a random sampling of the material the government seeks to delete in its 2011 Submission. Based on its examination of the sampling and the government's extensive representations, the Court finds that the information is either irrelevant to the offenses charged in the indictment or redundant of what defendant already possesses or will soon possess. The Court thus "agree[s] that the information at issue is not discoverable, whether under Rule 16, Brady, Giglio, or statute," id., and orders that it need not be produced to

5

the defense.[6] Nonetheless, short of reviewing all of the information sought to be withheld, an impossible task for all practical purposes given the sheer number of documents, the Court must still "take[] the government's representations concerning the materials at face value." Zazi, 2011 WL 2532903, at *5.  As in every case, the government withholds any potentially discoverable information from defendant at its own peril.  This order thus offers no protection for the government against the consequences of its failure to produce discoverable evidence to the defense; to the extent that one or more of the "deleted" items described it the 2011 Submission proves to be discoverable, any such material would fall unequivocally outside the scope of this Court's protective order. It is important to note, however, that this case presents no greater risk of prosecutorial misjudment merely because it involves classified information. Indeed, given the magnitude of this prosecution and the watchful eye of the public, the government appears to have "undertaken its obligation diligently and in good faith, and with an apparent determination to err, if at all, in favor of disclosure." Zazi, 2011 WL 2532903, at *5. That is sufficient for present purposes.

With regard to the government's 2012 Submission, the Court has reviewed in camera all of the original classified documents, which the government requests authority to delete from discovery. The Court agrees with the government that, with the exception of one piece of classified information discussed on pages 6-7 of the 2012 Submission, the information is not discoverable either because it does not fall under Brady, Giglio, the Jencks Act, 18 U.S.C. § 3500, or Rule 16, or because it is merely duplicative of evidence the defense already possesses or

---

[6] In their 2012 Submission, the government provided the Court with additional information concerning material that was still under review at the time of its January 31, 2011 filing that was expected to fall within the delineated categories of information it sought to delete. The government confirms, and the Court is satisfied, that the information in question has been reviewed and it is not discoverable under Rule 16, Brady, Giglio, or 18 U.S.C. § 3500.

6

will soon possess. After careful consideration of the one piece of classified information discussed on pages 6-7 of the 2012 Submission, the Court concludes that although it is far from plainly Giglio or Jencks material, it is at least *arguably* discoverable. Nevertheless, considering the potential use of the classified information as generously as possible, the Court finds that it could in no way be "helpful or material to the defense." Aref, 533 F.3d at 80. In the face of the proper invocation of the state-secrets privilege, the government, therefore, has no duty to disclose this piece of classified information and may delete it from discovery.

## II. CONCLUSION

The Court, accordingly, grants the government's two motions for protective orders pursuant to Section 4 of CIPA and Federal Rule of Criminal Procedure Rule 16(d)(1). The government need not disclose the classified documents upon which the classified and unclassified summaries are based. With the correction discussed during the ex parte conference, the government must immediately produce to defense counsel the proposed classified and unclassified summaries. The classified summaries and the information they contain may not be shared with defendant personally. See CIPA § 3 ("Upon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information . . . to any defendant"); In re Terrorist Bombings, 552 F.3d 93, 126-27 (2d Cir. 2008) (holding that district court did not abuse discretion in preventing disclosure of classified materials to defendant under CIPA § 3).

In addition, to the extent that the classified material fits the descriptions provided in Part VII of the 2011 Submission, the government need not disclose the material to the defense and

may delete such material from discovery. This same authorization to delete applies to all of the classified materials described in the 2012 Submission, without qualification.

SO ORDERED.

Dated: Brooklyn, New York
      February 22, 2012

                                                            s/ Judge Raymond J. Dearie
                                                            _____
                                                            RAYMOND J. DEARIE
                                                           United States District Judge