

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMB:JPL/BWB
F.#2010R00057

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

March 5, 2012

<u>By ECF and Hand Delivery</u>

The Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Adis Medunjanin
          <u>Criminal Docket No. 10-019 (S-4)(RJD)</u>

Dear Judge Dearie:

      The government writes in brief reply to the defendant's letter, filed March 1, 2012, proposing the inclusion of two additional questions to the jury questionnaire.  For the reasons below, the government objects to both proposed questions.

      The defendant's first question asks jurors if it is helpful to consider race, religion or ethnicity in "sizing up a person."  This question is both vague – there are many potential interpretations of what it means to "size a person up" – and solicits information that is irrelevant to this case.  Moreover, jurors will have ample opportunity to reveal any religious or ethnic bias in their answers to questions 41, 42, 43, 45, 46 and 57.  If the defendant wishes to inquire regarding specific bias concerning his Bosnian heritage, the government would consent to a question similar to question 41: "Do you have any feelings about Bosnians or people from Bosnia that would affect your ability to be fair and impartial in a case against a Bosnian defendant?"

      The defendant's second question seeks an open-ended response from the jurors detailing their personal views on terrorism and the government's response to terrorism.  The government submits that the pertinent inquiry is not what views a potential juror holds on terrorism – most jurors will presumably oppose terrorism – or on the government's efforts to stop terrorism, but whether the juror's views on these topics would

2

hinder his or her ability to be fair and impartial in this case. Question 46 in the draft questionnaire asks this question directly and will identify those jurors who are unable to set aside their personal views and consider only the evidence in this case.[1]  Moreover, jurors are asked again in question 57 if there is any reason they cannot be fair given the subject matter of this case, giving them multiple chances to share any views they may hold that would interfere with their ability to serve.  In an attempt to compromise with the defense, the government proposed an alternative to question 46 (outlined in the defendant's March 1, 2012 letter), asking more specifically whether potential jurors think the government's reaction to terrorism is appropriate.[2]  The government continues to prefer the question as

---

[1]  Question 46 reads as follows:

There is much discussion these days about terrorism and the government's response to terrorism.  Each of us may have his or her own views on these subjects.  But it is important for the jurors to understand that these general subjects are NOT the subject of the Indictment in this case, which charges the defendant with specific crimes.  Nonetheless, would anything about your views regarding these subjects affect your ability to be fair and impartial to either the government or the defendant in this case?

      Yes     No

  If yes, please explain: _____

[2]  The government's proposed compromise reads as follows:

Each of us has personal views on the subjects of terrorism and the government's response to terrorism.  Please indicate whether you believe that:

(A)  The government generally overreacts to terrorism _____
(B)  The government generally reacts appropriately to terrorism _____
(C)  The government generally does not treat terrorism seriously enough _____
(D)  Other _____
(E)  No opinion _____

Would anything about your personal views regarding these subjects affect your ability to be fair and impartial to either the government or the defendant in this case?
   _____ Yes  _____ No

3

formulated in the draft questionnaire, but also remains amenable to its proposed compromise question.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

                          By:       /s/
                                        David Bitkower
                                        James P. Loonam
                                        Berit W. Berger
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

cc:   Clerk of the Court (RJD)
      Defense counsel (by email)