

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMB:JPL/BWB  *271 Cadman Plaza East*
F.#2010R00057  *Brooklyn, New York 11201*

April 9, 2012

By Hand Delivery

The Honorable John Gleeson
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Adis Medunjanin
          Criminal Docket No. 10-019 (S-4)(JG)

Dear Judge Gleeson:

    During the status conference held on March 27, 2012, defense counsel indicated that members of the defendant's family may be called as witnesses to testify at trial. The government respectfully submits this letter to invoke Rule 615 of the Federal Rules of Evidence, except with respect to the testimony of specific government witnesses as set forth below.

    Pursuant to Rule 615, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." The Second Circuit has observed that:

> Rule 615 codified a well-established common law tradition of sequestering witnesses "as a means of discouraging and exposing fabrication, inaccuracy, and collusion." Fed. R. Evid. 615, Advisory Committee Notes; see also Government of the Virgin Islands v. Edinborough, 625 F.2d 472, 475, 476 (3d Cir. 1980); Frideres v. Schiltz, 150 F.R.D. 153, 158 (S.D. Iowa 1993) (noting that "[s]equestering witnesses to assist in ascertaining truth is at least as old as the Bible"). The Supreme Court observed that

2

> this practice, which goes back to "our inheritance of the common Germanic law," serves two purposes: it "exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid." <u>Geders v. United States</u>, 425 U.S. 80, 87 (1976).

<u>United States v. Jackson</u>, 60 F.3d 128, 133 (2d Cir. 1995).

Sequestration is required unless the party opposing sequestration can demonstrate that an exception enumerated by Rule 615 applies. <u>See</u> <u>id</u>. at 135 ("Because a court may only decline to grant a party's request to sequester particular witnesses under one of the Rule 615 exemptions, the rule carries a strong presumption in favor of sequestration. The party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies").

Under Rule 615, the Court may exercise discretion and choose to not sequester the following categories of potential witnesses:

> (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present.

Fed. R. Evid. 615. The defendant's family members do not fall within any of the enumerated exceptions set forth by Rule 615. Sequestration is therefore mandatory. <u>See</u> <u>Jackson</u>, 60 F.3d at 133-34.

The government is, however, sensitive to the wishes of the defendant's family members to attend the trial. To accommodate these family members, the government will not invoke the sequestration rule during the testimony of specific witnesses. The government proposes to consult with defense counsel prior to each trial day and notify them of the witnesses the government expects to call, and whether or not the government objects to the presence of the defendant's family members. This

procedure will allow the defendant's family members to observe significant portions of the trial, while vindicating the objectives embodied by the sequestration rule.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

                       By:       /s/
                                  David Bitkower
                                  James P. Loonam
                                  Berit W. Berger
                                  Assistant U.S. Attorneys
                                  (718) 254-7000

cc:  Clerk of the Court (JG) (by ECF)
     Defense Counsel (by ECF and email)