
NBC UNIVERSAL

April 24, 2012

30 Rockefeller Plaza
New York, NY 10112
tel 212 664 4444

Hon. John Gleeson
US District Court
225 Cadman Plaza
New York, New York 11201

Re: US v Medunjanin

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 04 2012 ★
**BROOKLYN OFFICE**

Dear Judge Gleeson:

WNBC is writing to request access to a copy of a videotape that was played in court in recent days during the case of US v Adis Medunjanin. Specifically, WNBC seeks a copy of the statements made by admitted terrorist Saajid Badat that were played for the jury Thursday and again on Monday.

As the Court is aware, there is enormous public interest in a case where a defendant is accused of plotting to bomb New York City's subways. It is customary in this circuit that evidence and materials played or submitted in open court is released at the end of the day ... or as soon as reasonably possible.

The public and the press have historically had access to copy and inspect judicial and other public records. In 1978, the US Supreme Court recognized a common-law right of access in *Nixon v Warner Communications* ("The common law right of access is not limited to evidence, but rather encompasses all 'judicial records and documents.' 435 US 589) and a First Amendment Right in *Richmond Newspapers Inc v Virginia.* ("To work effectively, it is important that society's criminal process 'satisfy the appearance of justice,' and the appearance of justice can best be provided by allowing people to observe it." 448 US 555)

The Second Circuit has ruled common-law right of access includes the right to copy and inspect audio, video and other electronic evidence. In *US v Myers (In re National Broadcasting Company)*, the Circuit ruled "only the most compelling circumstances" can overcome a strong presumption in favor of access.

And the Courts, including the Third Circuit, have ruled that materials entered into court are clearly judicial records. *"The status ... depends on whether a document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)* There is little doubt the Badat tape was integrated into the Court's proceedings when it was played in open court.

In the pre-trial phase of the Medunjanin case, the Court agreed to release the 9-1-1 recordings and tapes the government had made of the defendant speaking with his own attorney. These pre-trial submissions played in open Court were released over some of parties objections. The Court found there was a lack of a compelling reason to hinder the media's right of access to these pretrial submissions.

The same is likely true with the Badat tapes. Past cases where testimony has been released include granting the public access to videotaped deposition testimony. *See, e.g., United States v. Poindexter*, 732 F. Supp. 170, 171-72 & n.2 (D.D.C. 1990) (granting media access to President Reagan's videotaped testimony); *cf. Valley Broad. Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1293 (9th Cir. 1986) (common law right of access extends to audio and video tapes).

Finally, Mr. Badat is a public figure, a convicted terrorist from Great Britain, who has been the subject of past news reports. The transcripts of his statements have been released. And we believe the suggestion that releasing his videotaped statements will somehow hurt prosecution methodology in the future is speculative and overly broad.

In US v Chang (Third Circuit 02-2839) the Court rejected the Justice Department's efforts to keep 5k sentencing letters from public view. *("The government suggests that releasing the letter will reveal prosecutorial methodology and disadvantage law enforcement in its future efforts, or that there will be a chilling effect on prosecutorial disclosures in sentencing memorandums, thus leaving courts to make sentencing decisions with less than complete information. Again the 5K letter itself is the best evidence against these arguments. There is simply nothing in the document that would do any of the above. These bald, unsupported assertions simply fail to overcome the strong presumption of openness that attaches to judicial documents."* 02-2839)

We believe the same is true for this tape and we believe the American public – through its conduit, the news media, should see the Badat tapes for itself.

We hope you consider this request and agree to release the tapes as soon as possible. If you have any questions or require any additional information, please feel free to contact me any time at 212-664-4026.

Thank you very much for your time and consideration.

Sincerely,

Jonathan Dienst
Chief Investigative Reporter, WNBC
212-664-4026

Cc: Steve Chung and Daniel Kummer
    NBCUniversal Legal Dept.

    Robert Nardoza, Spokesman
    US Attorney Eastern District

    Robert Gottlieb, ESQ
    Attorney For Medunjanin

30 Rockefeller Plaza
New York, NY 10112
212 664-4444

A Division of
National Broadcasting
Company, Inc.



To: Hon. John Gleeson

From: Jon Dienst

Fax: 718-663-2316

Attn: Eileen