**ORIGINAL**

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **EDNY** |
|---|---|
| Name: **Adis Medunjanin** | Docket or Case No.: **10-CR-19(S-4)-01(JG)** |
| Place of Confinement: **ADX** | Prisoner No.: **65114-053** |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. **Adis Medunjanin** | |

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 22 2019 ★

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **BROOKLYN OFFICE EDNY, NY**

   (b) Criminal docket or case number (if you know): **10-CR-19(S-4)-01 (JG)**

2. (a) Date of the judgment of conviction (if you know): **11-16-2012**
   (b) Date of sentencing: **11-16-2012**

3. Length of sentence: **Life + 95 yrs.**

4. Nature of crime (all counts): **See page 14**

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐
7. Did you testify at either a pretrial hearing, trial or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:
    (a) Name of court: __US Court of Appeals for the 2nd Circuit__
    (b) Docket or case number (if you know): __12-4724-cr__
    (c) Result: __Affirmed__
    (d) Date of result (if you know): __May 20, 2014__
    (e) Citation to the case (if you know): __752 F. 3d 576__
    (f) Grounds raised: __See pages 15 and 16__

    (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☑ No ☐
    If "Yes," answer the following:
    (1) Docket or case number (if you know): __12-4724 No. 14-5875__
    (2) Result: __Denied__

    (3) Date of result (if you know): __10-6-2014__
    (4) Citation to the case (if you know): __No. 14-5875__
    (5) Grounds raised: __See page 17__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: ____
        (2) Docket or case number (if you know): ____
        (3) Date of filing (if you know): ____
        (4) Nature of the proceeding: ____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

    Yes G  No G

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes G  No G

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

    (1) First petition:    Yes G  No G

    (2) Second petition:    Yes G  No G

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Residual clause of "crime of violence" definition, 18 USC § 16(b) unconstitutionally vague, see Sessions v. Dimaya, 138 S. Ct. 1204 (2018)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
1) Counts 9 and 11 of indictment charged violations of 18 USC § 924(c); convicted on both counts; sentenced to life + 30 years.
2) 18 USC § 924(c)(3)(B) functionally identical to 18 USC § 16(b) see 4th Circuit en banc decision US v. Simms, No. 15-4640 (Jan. 24, 2019) and this is also unconstitutionally vague
3) All "crime of violence" charged for counts 9 and 11 in jury instructions (Trial Transcript page 2047-2052) fall under 18 USC § 924(c)(3)(B)   (2047-2052)
4) Thus convictions for counts 9 and 11 of indictment must be vacated as they are unconstitutionally vague

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☑
  (2) If you did not raise this issue in your direct appeal, explain why: Because the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐  No ☑
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed: _____
  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available): _____

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes G   No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes G   No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

GROUND TWO: _Charged conduct by petitioner did not fall under the force clause of 18 USC § 924(c)(3)(A)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): 1) Petitioner charged with receiving weapons training from a foreign terrorist organization (FTO), see counts 9 and 11 of indictment 2) The Eastern District of Virginia found in these cases — US v. Chapman, No. 1:03-cr-296-LMB (July 19, 2018) – US v. Khan, No. 1:03-cr-296-LMB (July 19, 2018) – US v. Royer, No. 1:03-cr-296-LMB (July 19, 2018) that training at overseas FTO camp falls under 18 USC § 924(c)(3)(B) 3) The above decisions were made before US v. Simms, No. 15-4640 (Jan 24, 2019) 4) Thus convictions for counts 9 and 11 of the indictment must be vacated as they are unconstitutionally vague based on the reasoning in Dimaya, Chapman, Khan and Royer

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes G   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: _Because the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review_

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes G   No G

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes G   No G

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes G   No G

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes G   No G

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

GROUND THREE: US government willfully hid classified discovery on expert witness Evan Kohlmann.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.) Mustafa 15-211-cr 2nd ~~circuit, docketed ECF~~ affirmed the existence of classified information

showing gov't's alleged expert witness E. Kohlmann had a classified working relationship with US gov't, negating gov't's claim that he was impartial expert witness. 2) Docket of US v. Mustafa affirmed that prior to Mustafa gov't willfully hid this information in all trials in which Kohlmann testified 3) Defendant's trial was in 2012, prior to Mustafa's trial; this classified discovery was egregiously withheld by US gov't from defense in violation of Amendments 5 and 14 and relevant Federal Rules of criminal procedure governing disclosure of such information pre-trial.

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes G   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Facts could not have been discovered through the exercise of due diligence prior to December 2018, when the existence of classified information was publicly disclosed only in US v. Mustafa

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes G   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes G   No G

(4) Did you appeal from the denial of your motion, petition, or application?

Yes G   No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes G   No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Case 1:10-cr-00019-BMC   Document 485   Filed 04/22/19   Page 8 of 19 PageID #: 7719

Page 9

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

GROUND FOUR: Trial unconstitutional and all convictions on remaining counts of the indictment (1,2,3,4,5,7,8) should be reversed

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): 1) Counts 9 and 11 which are now unconstitutionally vague had such magnanimous and detrimental impact on jury's perception of defendant, it precluded him from receiving fair and just trial; dichotomous to his fundamental Due Process Rights and Constitution due process clause 2) Davis V Alaska, 94 S. Ct. 1105 (1974) that revelation of witness's motive is constitutionally protected right of cross-examination, defendant was denied 6th Ammendment to expose Kohlmann's bias in favor of his motive to fabricate and mold his testimony in favor of gov't. Kohlmann's testimony was monumental with respect to each and every count and it's magnanimous impact had a significant effect on the jury's guilty verdict against Defendant.

(b) Direct Appeal of Ground Four:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐  No ☑

   (2) If you did not raise this issue in your direct appeal, explain why: The right has been newly recognized by the Supreme Court 2) classified (Kohlmann) information could not have been discovered through the exercise of due diligence prior to Dec 2018, USV Mustafa.

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐  No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

   Yes G   No G

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes G   No G

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes G   No G

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: I haven't presented any of the grounds previously because they all stem from, right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and Ground 3 could not be discovered prior to Dec 2018 as it was only publicly disclosed in US v. Mustafa, 2nd Cir. Docket No. 15-211-Cr

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes G   No G

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Defendant filed 2244 motion to Court of appeals 2nd Circuit (18-2969), Defendant was told that he filed to the wrong court and must file to the district court Based on 28 USC §2255(f)(3)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Robert C. Gottlieb, Celia A. Gordon, Gottlieb & Gordon, Trinity Building, 111 Broadway, Suite 701, NY, NY 10006

(b) At arraignment and plea: Same as (a)

(c) At trial: Gottlieb, Mitchell Dinnerstein, 350 Broadway Suite 700, NY, NY, 10013, Stephanie M. Carvlin and Justin Heinrick

(d) At sentencing: Gottlieb, Carvlin, Heinrich

(e) On appeal: Gottlieb, Heinrich and Carvlin

(f) In any post-conviction proceeding: Gottlieb, Heinrich, Carvlin (writ of certiorari)

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

2255 motion is timely because:
a) Grounds 1 and 2 are based on a right which has been newly recognized by the US Supreme Court in US v. Dimaya (April 17, 2018) and made retroactively applicable to cases on collateral review.
b) The facts for Ground 3 could not have been discovered through the exercise of due dilligence prior to December 2018 when the existence of classified information describing an undisclosed relationship between the US government and its expert witness was publicly disclosed in US v. Mustafa (2nd Circuit, Docket No. 15-211-cr The US government willfully withheld this classified information from defendant prior to his 2012 trial. Petitioner requests appointment of a lawyer with sufficient level of security clearance to review this classified information and file on behalf of defendant a classified supplement to this instant motion.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: 1) Vacate Counts 9 and 11 of the indictment based on Dimaya, Simms, Khan, Royer 2) Vacate Counts (1,2,3,4,5,7,8) based on Davis V Alaska, Dimaya, Simms, Chapman, Khan, and Royer for jury influence or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

04-09-2019 (month, date, year).

Executed (signed) on Aliz Mehujian 4-9-2019 (date).

_Aliz Mehujian_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

4. Nature of offense or offenses for which you were convicted:

Count 1: 18 U.S.C § 2332a(a)(2), Conspiracy to use weapons of Mass Destruction, a Class A Felony

Count 2: 18 U.S.C § 956(a)(1) and (a)(2) Conspiracy to commit Murder in a foreign Country, a class A Felony

Count 3: 18 U.S.C. § 2339B(a)(1), (d)(1)(A), (d)(1)(C), (d)(1)(D), (d)(1)(E), (d)(1)(F) and (d)(2), Providing Material Support to a Foreign Terrorist Organization a Class C Felony

Count 4: 18 U.S.C § 2339B(a)(1), (d)(1)(A), (d)(1)(C), (d)(1)(D), (d)(1)(E), (d)(1)(F), Support to A Foreign Terrorist organization, a class C Felony

Count 5: 18 U.S.C § 2339D(a), (b)(1), (b)(3), and (b)(5), Receiving Military-Type Training From A Foreign Terrorist Organization a Class C Felony

Count 7: 18 U.S.C § 2332b(a)(1)(A), (a)(2), (b)(1)(A), (b)(1)(B), (C)(1)(A), (C)(1)(C), (C)(1)(D), (C)(1)(F) and (C)(2), Conspiracy to commit an Act of Terrorism Transcending National Boundaries, a class A Felony.

Count 8: 18 U.S.C. §§ 2 and 2332b(a)(1)(A), (a)(2), (b)(1)(A), (b)(1)(B), (C)(1)(A), (C)(1)(C), (C)(1)(D), (C)(1)(F), and (C)(2), Attempt to commit an act of Terrorism transcending National Boundaries, a Class A Felony.

Count 9: 18 U.S.C § 924(c)(1)(A)(i), (C)(1)(A)(iii), and (C)(1)(B)(ii), use of A Destructive Device in Relation to A crime of violence a class A Felony.

Count 11: 18 U.S.C § 924(c)(1)(A)(i), (C)(1)(A)(iii), (C)(1)(B)(ii), and (C)(1)(C), use of A Destructive Device in Relation to A crime of Violence, a class A Felony

9. (f) Grounds raised (list all grounds; use extra pages if necessary)

### Point One

The District Court Erred in ruling that Statements of Mr. Medunjanin made during Custodial interrogation had not been Obtained in violation of his rights under the Fifth and Sixth Amendments to the US Constitution.

1. The District Court's Ruling That as a matter of Law Mr. Medunjanin Could not Invoke his Right to Counsel before he was in Custody was legally Incorrect

2. The District Court Erred in Finding that Mr. Medunjanin did not Invoke his Right to Counsel.

3. Under Edwards v. Arizona, the Government was Barred from Reinitiating Questioning once Mr. Medunjanin invoked his right to Counsel.

4. The District Court Erred in Finding that Mr. Medunjanin's Waiver of his Right to Counsel was Knowing, Intelligent and Voluntary

5. The Government cannot Meet it's Burden of Showing That Admission of the Statements was harmless Error.

### Point Two

The Government's refusal to honor Mr. Medunjanin's choice to deal with the government through Counsel violated the due process clause of the Fifth Amendment.

1. The government failed to Honor Mr. Medunjanin's choice to deal with the Government through counsel

2. The Government's Conduct Violated Mr. Medunjanin's right to Substantive Due Process

## Point Three

The Government's interference in Mr. Medunjanin's relationship with his Attorney prior to Mr. Medunjanin's indictment ripened into a violation of Mr. Medunjanin's Sixth amendment right to counsel upon Mr. Medunjanin's indictment

## Point Four

The District Court Abused it's discretion by refusing to permit the Defense to call a witness at the Suppression hearing who could have Supported Mr. Medunjanin's Assertion that the government had improperly interfered with his Relationship with his Attorney

(g)(5) Grounds Raised:

I. There Is a Lack of uniformity in the Standards the United States Circuit Courts of Appeals Apply in Determining whether a Defendant Has Effectively Invoked His Miranda Rights

II. There Is a Split of Authority Among the United States Circuit Courts of Appeals and State Courts of Last Resort Over whether a Defendant May Invoke His Fifth Amendment (Miranda) Rights to Remain Silent and to Counsel Before He Is in Custody and Being Subjected to Interrogation

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

4. Make sure the form is typed or neatly written.

5. You must tell the truth and sign the form under penalty of perjury. If you make a false statement, you may be prosecuted for perjury.

6. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

7. <u>CAUTION:</u> You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

8. Complete the attached form, keep a copy for yourself and send the original plus two copies (you need not copy these instructions) to:

> The Pro Se Office
> United States District Court
> Eastern District of New York
> 225 Cadman Plaza East
> Brooklyn, NY 11201



Office
s District Court
rict of New York
laza East
y 11201

Name: Adis Medunjanin
Reg No: 65114-053
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

19-65114053-0409-mo-006

The Pro Se
United States
Eastern Dist
225 Cadman
Brooklyn, N

USMS